Nicholson, C. J.,
delivered the opinion of the Court.
The only question in the case is, whether in an action of ejectment, the plaintiff is concluded by the recital in his grant, as to the date of the en *703 try and the date of the act of Assembly on which it was based; or whether he might not read in evidence an entry for the same land and of the same number on the entry taker’s book, but of a different date, and purporting to be based on a different act of Assembly?
The facts upon which the question arises are as follows: A grant was relied on by plaintiff, which issued to James T. Bone, dated February 1, 1851, purporting to be based on an entry, No. 95, made December 23, 1850, in pursuance of an act passed November 2, 1847.
The entry offered in evidence by plaintiff, was No. 95, and covered the same land described in the grant, but bore date July 3, 1840, and purported to be made by Booker Arnold, in pursuance of an act passed on the 7th of January, 1830, providing lands for persons having three children at a birth.
At the same time, plaintiff offered in evidence a plat and survey of the same land, dated November 20, 1850, by which it appeared that the land was surveyed for James T. Bone assignee of Booker Arnold.
The entry and surveys were objected to as evidence, because the date .of the entry and the date of the act of Assembly were different from those recited in the grant. The circuit judge overruled the objection, and allowed the papers to be read. The defendant read a grant from the State, dated January 25, 1861, purporting to be based on ■ an *704 entry, No. 571, and dated M of September, 1849, and in pursuance of an act passed 2d November, 1847. He tlien read an entry, No. 571, made by Isaac Sampson for the same land, dated 3d September, 1849.
There was no controversy as to both grants covering the same land. Plaintiff’s grant was the older, but his entry, as recited on the face of the grant, was younger than the entry of the defendant, as recited in his grant, and as shown by the entry itself. But if the entry offered in evidence, was the entry on which his grant issued, then he had both the older entry and the older grant, and he was entitled to recover. The circuit judge so held, and so charged, and the jury found for the plaintiff, and the defendant appealed in error.
The question is, was the circuit judge in error, in allowing plaintiff’s entiy and survey to be read as evidence?
It has been settled, for more than half a century, that the book of an entry taker is a record, and authenticated copies from it have all the force of record evidence. The same is true of a grant, and when they constitute links in a chain of title to land, they stand on the same footing, ánd are parts of the same record. The entry taker furnishes the surveyor a copy from his record, on which the surveyor makes out his survey and plat, and these are furnished to the Secretary of State, who issues thereon the grant.
The relation which an entry bears to a grant, *705 was laid down with, much clearness and force by Judge White, in Anderson v. Cannon, Cooke’s Rep., Cooper’s ed., 30. lie states the case as follows:
“An ejectment is commenced by A, who has the eldest entry and the youngest grant, against B, who has the youngest entry hut the eldest grant. Upon the trial, if the grant is alone evidence of title at law, B, who has the eldest, must unquestionably succeed. Iiow have the courts determined? Bor the last twelve or fifteen years, almost invariably, as is believed, that A, who has the eldest entry, shall stand in the same situation as if his grant had been issued on the same day he made his entry; provided the entry itself described the land so particularly, that B, by examining it, might have known that A had previously purchased. Why have the courts so determined? One reason, no doubt was, that the entry was as much a matter of record as the grant; and as the State could not be supposed to intend a fraud upon A, it might have been considered that B, who knew of the prior sale to A, imposed upon the officers of the State, and procured them to execute, in form, to him, a grant for land, which had been in substance previously sold to A; therefore, B’s grant was null, and operated nothing even in law.”
It is clear, that the entry offered in evidence by plaintiff was of equal dignity, as evidence, with his grant — one as much a record as the other. It was offered as the basis on which his grant rested; and, to show, that when the State subsequently *706 issued a grant for the same land, the officers of the State were imposed upon. Why, then, is not the entry competent evidence for these purposes? The answer of the defendant is, that it is not relevant evidence, because the grant purports to rest upon an entry of a different date. Entries are required to be described in the records by numbers, and quantity of acres, and special calls for objects, but not by recording the dates of their location. The entry offered in evidence corresponds, in number, with that described in the grant — both are “No. 95” — the entry corresponds with the grant as to the quantity of land — and the calls of the entry designate the same tract of land as that described in the grant.' Then why is it not clear, that the grant of plaintiff was based upon the entry offered as evidence? Why is net the entry relevant evidence, to fix the time to which his grant relates as the beginning of his title? The answer of defendant is, because its date and the date of the act of assembly on its face are different from those recited in the grant. But it does not appear that there was any other entry on the entry-taker’s books for the same land, with the same description as to quantity and boundaries, and- with the same numbers. Tire inference is unavoidable, that there must be some mistake either in the dates of the entry as recited in the grant, or in the entry itself. There can-.be none in the entry — for the reason that it is the record of the original proceeding, preparatory to a grant. The grant, although a *707 record, as to the matter of its recitals, of what appears in the entry, cannot be of superior dignity as evidence to the entry itself. In the matter of a discrepancy between them as to dates, the original record is entitled to the greater weight.
Onr conclusion is, that the circuit judge committed no error in allowing the entry and survey to be read as evidence of the time when, by relation, the grant of the plaintiff took effect. Having settled this question correctly, and as there was no other matter of controversy in the case, he was not in error in telling the jury that the title of the plaintiff was the better, and that he was entitled to récover. If there had been controverted facts to be determined by the jury, his language would have been liable to the criticism of having charged the fact — but viewed in the light of all the facts and circumstances of the case, the charge is no! erroneous.
We affirm the judgment below.